**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**David TACKE, Defendant–Appellant.**

No. 05–30530.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted May 7, 2007.

Filed May 21, 2007.

---

Kris A. McLean, Esq., USMI—Office of the U.S. Attorney, Missoula, MT, for Plaintiff–Appellee.

John P. Rhodes, Esq., FDMT—Federal Defenders of Montana, Missoula, MT, William F. Hooks, Esq., Helena, MT, for Defendant–Appellant.

Before: RYMER and GRABER, Circuit Judges, and RHOADES *, District Judge.

## MEMORANDUM **

David Tacke appeals the sentence imposed following his conviction by a jury on one count of mail fraud, in violation of 18 U.S.C. § 1341, one count of wire fraud, in violation of 18 U.S.C. § 1343, and ten counts of money laundering, in violation of 18 U.S.C. § 1957. We affirm.

The district court did not abuse its discretion in denying Tacke's request for production of grand jury transcripts. *See United States v. Walczak,* 783 F.2d 852, 857 (9th Cir.1986) ("A trial judge should order disclosure of grand jury transcripts

---

* The Honorable John S. Rhoades, Sr., Senior United States District Judge for the Southern District of California, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

only when the party seeking them has demonstrated that a particularized need exists ... which outweighs the policy of secrecy." (internal quotation marks omitted)); *see also United States v. Mechanik,* 475 U.S. 66, 70, 106 S.Ct. 938, 89 L.Ed.2d 50 (1986) (holding that a petit jury's conviction renders any error in the grand jury's charging decision harmless).

Nor did the district court clearly err in determining that loss, for purposes of U.S.S.G. § 2B1.1(b)(1), was the $1.4 to $1.8 million in investors' money that Tacke deposited into an account he treated as his personal checking account. Whether or not Tacke intended for investors to lose money in Venue Tech Systems (VTS), the amounts deposited into Quelle were (at the very least) intended loss. There is no evidence that VTS had ascertainable value. Thus, the court was not required to accept Tacke's argument for offsets or credits.

The number of victims (266) was based on trial testimony and post-trial research by an official of the Montana State Auditor's Office that was reflected in the PSR. As such, the figure bears reasonable indicia of reliability. Tacke's position that this number can't be right because it includes victims who suffered no loss fails for the reasons we have explained; his argument that it includes persons who disclaim being victims fails because the point of U.S.S.G. § 2B1.1(b)(2)(C) is to measure severity of a sentence in part by the number of persons ensnared in a scheme to defraud. For this purpose it doesn't matter whether they subjectively view themselves as victims, or what actual loss, if any, they may have suffered. Accordingly, it is of no consequence that restitution was awarded to fewer persons.

The district court did not err in imposing a two-point enhancement under U.S.S.G. § 2B1.1(b)(9)(C) for an offense involving sophisticated means. The court had ample discretion on the record to determine that Tacke's scheme was "especially complex or especially intricate offense conduct." *Id.* cmt. n. 8(B). He marketed a complicated investment offering to inexperienced investors that among other things, included convertible debentures and a mix of newly issued and privately held shares held in the company that he used for personal expenses.

The district court did not abuse its discretion in calculating restitution based on investors' requests for repayment. *See United States v. Gordon,* 393 F.3d 1044, 1048 (9th Cir.2004) ("The primary and overarching goal of the MVRA is to make victims of crime whole. In achieving this objective, Congress intended district courts to engage in an expedient and reasonable restitution process, with uncertainties resolved with a view toward achieving fairness to the victim.").

Finally, the district court considered the 18 U.S.C. § 3553(a) factors in imposing sentence. It recognized that the Guidelines are advisory. We cannot say that Tacke's sentence was unreasonable.

AFFIRMED.